FLYING TIGER LINE, INC., Plaintiff, *v.* AMERICAN BANK NOTE COMPANY, Defendant.

AMERICAN BANK NOTE COMPANY, Third-Party Plaintiff, *v.* JOHN E. TYNAN, Third-Party Defendant.

JOHN E. TYNAN, Third-Party Plaintiff, *v.* FREIGHT CARGO AGENCY, INC., Third-Party Defendant.

Supreme Court, Trial Term, New York County, February 27, 1950.

*Joseph Calderon* for plaintiff.

*Victor Futter* for American Bank Note Company, defendant and third-party plaintiff.

*Joseph Lotterman* for John E. Tynan, third-party defendant and third-party plaintiff.

RABIN, J. In this action plaintiff, Flying Tiger Line, Inc., seeks a judgment against defendant American Bank Note Company for freight charges in connection with a number of shipments of Chinese currency manufactured by defendant Bank Note and carried by plaintiff's airplanes from Teterboro, New Jersey to California. Defendant Bank Note claims over against the third-party defendant Tynan, with whom it had independently contracted for transport of the currency from New York to Shanghai, China. Tynan cross-claims against Freight Cargo Agency, Inc., which concern had placed the currency with Flying Tiger for delivery in California.

The contract between Bank Note and Tynan required Tynan, for a fixed charge, to transport the currency to Shanghai, China, and specified that transit from the New York area to California would be by way of the Flying Tiger Line (plaintiff) and from California to Shanghai by way of the Philippine Airlines. Tynan, in order to carry out its contract with Bank Note, arranged with Freight Cargo for transportation of the currency to California by plaintiff's airline.

Between March 28, 1947, and August 8, 1947, twenty-two shipments of the currency were made to Shanghai. Bank Note paid Tynan under their contract for all of the shipments. Tynan in turn paid to Freight Cargo the freight charges on all twenty-two shipments from New York to California. Freight Cargo paid plaintiff by its own check the charges on seventeen shipments but failed to pay on five shipments, which charges plaintiff seeks to recover from defendant Bank Note in this action. The present action was instituted only after plaintiff had recovered a judgment against Freight Cargo for charges on the five shipments and a failure to collect that judgment from Freight Cargo. While a recovery against Bank Note in this action would require it to pay twice for transportation of the currency from New York to California, nevertheless plaintiff would not be precluded from recovering against Bank Note solely for that reason.

One of plaintiff's contentions is that Bank Note is liable because there is an implied obligation on the part of the owner or consignor to pay the carrier's freight charges. Ordinarily, a common carrier may look to the owner or the consignor of goods for payment of charges (*Louisville & Nashville R. R. Co. v. Central Iron & Coal Co.*, 265 U. S. 59, 67). Plaintiff concededly is not a common carrier but solely a contract carrier. Its rates were not filed with the Interstate Commerce Commission

nor was it supervised or regulated in any way by governmental agency. Accordingly, it was not under the obligation, as a common carrier operating under the Interstate Commerce Act might be, to attempt to collect specific rates from someone regardless of whom.

In determining the obligation of parties to pay freight charges the facts of the particular case must control. The law is clear that where a carrier transports goods on the sole and exclusive credit of someone other than the owner or consignor and it is intended that the owner or consignor is not to assume any responsibility for freight charges, then the carrier may look only to such other party for payment (*Louisville & Nashville R. R. Co.* v. *Central Iron & Coal Co., supra*, pp. 67, 68; 13 C. J. S., Carriers, § 316, p. 750).

I am satisfied from the evidence and I find that the plaintiff carrier in this case agreed to look solely to Freight Cargo for payment of charges and that Bank Note did not assume, nor was it intended by plaintiff that it should assume any responsibility for payment to plaintiff of freight charges on these shipments. I base this finding on all of the evidence and particularly on the following which I find as facts:

(1) Freight Cargo was on plaintiff's approved list of open accounts, which was a list of accounts of those to whom plaintiff extended credit. While plaintiff's representative Benninger testified that Bank Note was also on plaintiff's list of open accounts, this testimony was vague and unconvincing and I cannot accept it.

(2) The written agreement between plaintiff and Freight Cargo with respect to the shipment of freight provided that, "The air freight charges shall be payable on presentation in New York of the Air Freight Bill of the Flying Tiger Line to the Freight Cargo Agency, who will immediately pay same".

(3) The charges on all of the twenty-two shipments, except the five here involved were paid by Freight Cargo with its own check directly to plaintiff who accepted the same.

(4) In a conference with plaintiff Freight Cargo insisted that Bank Note be not billed for any shipments but that all bills be sent to Freight Cargo.

(5) Plaintiff agreed to and accepted that arrangement.

(6) Plaintiff sent all subsequent bills to Freight Cargo.

(7) Plaintiff cancelled the few debit items appearing on its ledger against Bank Note and transferred those debits to Freight Cargo's account.

(8) Although the shipments were completed in August, 1947, no demand was made on Bank Note by plaintiff for payment of these charges until May 11, 1948, after its suit against Freight Cargo.

(9) Plaintiff never notified either Bank Note or Tynan of any unpaid charges nor was there any correspondence between them until that time.

(10) Plaintiff's sole representative, Benninger, testified that he assumed at all times that Freight Cargo was receiving the payments for the freight charges and it appears under the circumstances that plaintiff was not looking to Bank Note for payment.

(11) There was never any assumption by Bank Note affirmatively, of the obligation to pay the charges to plaintiff.

The foregoing evidence to my mind establishes conclusively that plaintiff carried these shipments on the sole and exclusive credit of Freight Cargo and never expected or intended to collect from Bank Note.

The conclusion reached also finds additional support if any be needed in the air bills which are in evidence. The initial air bill shows unmistakably that these shipments were being made for Freight Cargo and were to be charged to the " Open Account of Freight Cargo Agency ". Two of the air bills specifically name Freight Cargo as consignor and while seven others name Bank Note as consignor and Freight Cargo as agent, the arrow indicators placed on many of the air bills by plaintiff show that it was the intention of plaintiff to consider Freight Cargo as the consignor for the purpose of these shipments.

The court is satisfied that plaintiff dealt solely with Freight Cargo and agreed that Bank Note was to assume no responsibility for charges. That being so, there could be no possible basis for a finding, as also urged by plaintiff, that a contract relationship existed between it and Bank Note. There was no agreement between plaintiff and Bank Note created either directly or through agency, and it is clear under the circumstances that there was no meeting of the minds. Nor for the reasons heretofore given could an agreement be implied in law. Even if an original agreement on the part of Bank Note to pay could be spelled out, it was definitely repudiated by plaintiff's agreement to look solely to Freight Cargo for payment which agreement was made upon the insistence of Freight Cargo and as a condition for the continuance of their relationship.

While the prior suit against Freight Cargo in which plaintiff asserted liability solely on the part of Freight Cargo may not be considered as a waiver by plaintiff of any claim it might have against Bank Note, it is some indication at least as to which party plaintiff considered it had been extending credit and to whom it looked for payment of these freight charges. It seems hardly likely that if plaintiff had extended credit to Bank Note it would have withheld asserting its claim and refrained from instituting an action until more than a year after the shipments had been made.

Judgment is granted in favor of American Bank Note Company dismissing the complaint of the Flying Tiger Line, Inc. The cross complaints of American Bank Note Company and John E. Tynan are dismissed but without prejudice. All motions on which decision was reserved, except defendant's motion for judgment, are denied. The foregoing constitutes the decision of the court.